## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

ROBERT L. BROCKWAY, Jr.,

               Plaintiff,

   v.

VA CONNECTICUT HEALTHCARE
SYSTEM,

               Defendant.

3: 10 - CV - 719 (CSH)

## <u>ORDER</u>

<u>HAIGHT, Senior District Judge:</u>

Plaintiff  Robert L. Brockway, Jr., acting *pro se*, brings this personal injury action against defendant Veterans Administration Connecticut Healthcare System ("defendant") pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671, *et seq*.   Defendant filed a motion for summary judgment.  Doc. #42.  Plaintiff responded in opposition to that motion (Doc. #43) and defendant thereafter replied to plaintiff's response (Doc. #44).

On April 24, 2012, while defendant's summary judgment is pending, plaintiff filed a motion to dismiss his action in its entirety.  Doc. #57.  As of the present date, defendant has not responded to that motion.

Under Federal Rule of Civil Procedure 41(a)(1)(A),  a plaintiff is entitled to dismissal of his action "without a court order" if he files a notice of dismissal "before the opposing party serves either an answer or a motion for summary judgment;" or there is a "stipulation of dismissal by all parties who have appeared."  Fed. R. Civ. P. 41(a)(1)(A)(i)-(ii).  Absent such circumstances, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court

1

considers proper." Fed. R. Civ. P. 41(a)(2).[1]  Unless the court's order of dismissal states otherwise, dismissal  is without prejudice.  *Id.*

    In the case at bar, plaintiff filed his motion to dismiss after defendant filed both an answer (Doc. #17) and a motion for summary judgment (#42).   Rule 41(a)(1) consequently does not apply. Thus, the action may only be dismissed by order of the court on proper terms under Rule 41(a)(2).  To determine whether immediate dismissal is proper and upon what terms, the Court hereby directs defendant to file a response to plaintiff's motion to dismiss the action.  Specifically, the Court notes defendant has previously stated its position that the action should be dismissed in its entirety pursuant to Federal Rule of Civil Procedure 56(c).  Doc. #42.  That is the thrust of defendant's pending motion for summary judgment.  Therefore, in its response to plaintiff's motion to dismiss under Rule 41(a)(2), the defendant is directed to the question of whether immediate dismissal of the action would be proper, and on what terms.

    Accordingly, defendant shall file its response to plaintiff's motion to dismiss on or before **June 7, 2012.**  Plaintiff may reply to that response on or before **June 14, 2012.**   In the interim, the Court defers decision on defendant's summary judgment motion.

    It is SO ORDERED.

Dated: New Haven, Connecticut
       May 24, 2012

                                           */s/Charles S. Haight, Jr.*
                                           Charles S. Haight, Jr.
                                           Senior United States District Judge

---

[1]Moreover, "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Fed. R. Civ. P. 41(a)(2).   In the case at bar, defendant pleaded no counterclaims in its answer. (Doc. #17).  Hence, this provision does not apply.